No. 94-250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

       Plaintiff and Respondent,

  -v-

DALE MANTZ,

       Defendant and Appellant.

FILED

DEC 23 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Eighteenth Judicial District,
                In and for the County of Galiatin,
                The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          John M. Kauffman, Gallatin County Public Defender,
          Bozeman, Montana

       For Respondent:

          Hon. Joseph P. Mazurek, Attorney General, Jennifer
          Anders, Assistant Attorney General; Michael
          Salvagni, Gallatin County Attorney, Bozeman,
          Montana; Susan Wordal, Bozeman City Prosecutor,
          Bozeman, Montana


               Submitted on Briefs:  October 28, 1994

                     Decided:  December 23, 1994

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the Eighteenth Judicial District Court's denial of a motion to dismiss the charges against Mantz because of a lack of speedy trial. We affirm.

The only issue on appeal is did the District Court err when it denied appellant's motion to dismiss the charges filed against him for lack of a speedy trial?

In July of 1992, Dale Mantz (Mantz) was charged by complaint in Gallatin County City Court with one count of misdemeanor assault pursuant to § 45-5-201, MCA. The charge springs from an incident in which Mantz, a light bulb vendor, attacked the manager of JB's Big Boy restaurant in Bozeman, Montana. A jury trial was held on January 20, 1993 at which Mantz was found guilty of misdemeanor assault.

Mantz appealed his action to the District Court on January 22, 1993 seeking a new trial. On December 7, 1993, prior to the District Court trial, Mantz filed a motion to dismiss for lack of a speedy trial. The court denied the motion and heard the matter on December 13, 1993. After a bench trial, the court found him guilty of misdemeanor assault.

On April 8, 1994, the court sentenced Mantz to three months in the Gallatin County Detention Center with all but 48 hours suspended, and ordered him to pay a fine and court costs as a condition of his suspended sentence. On April 18, 1994, Mantz filed a pro se appeal to this Court. He also filed a Motion for Reduced Sentence which was denied by the District Court on April 28, 1994.

Did the District Court err when it denied appellant's motion to dismiss the charges filed against him for lack of a speedy trial?

Mantz argues that § 46-13-401(2), MCA, states that a defendant cannot be brought to trial after six months on a misdemeanor charge. He argues that he waited almost a year for his trial and the court should have dismissed his case for lack of a speedy trial. Mantz also contends that the court cannot deviate from the statutorily required six month limit because to do so would violate the separation of powers between the judicial and the legislative or executive branches. The State argues that the six-month rule does not govern speedy trial issues in cases which are appealed from justice court to district court.

The District Court concluded that defendant had caused bodily injury to the manager by assaulting him and sentenced him to three months in the Gallatin County Detention Center, with all but 48 hours suspended and ordered him to pay costs and fines.

Because the basis of the motion to dismiss is based upon a legal interpretation made by the District Court, we will review the court's legal conclusions as to whether the court was correct in its interpretation of the law. Doting v. Trunk (1993), 259 Mont. 343, 856 P.2d 536. The statute at issue is § 46-13-401(2), MCA:

> (2) After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

While Mantz argues that this statute required the District Court in

3

this matter to grant his motion to dismiss because it took almost a year to bring the case to trial at the District Court, we have already interpreted this statute as inapplicable to those situations in which the case comes from justice court to a trial de novo in district court.

In State v. Sunford (1990), 244 Mont. 411, 796 P.2d 1084, we stated:

> The six month rule contained in § 46-13-201(2), MCA (1989) [now renumbered as § 46-13-401(2), MCA (1991)] does not apply in circumstances where the defendant is tried in justice court and judgment is appealed for trial de novo in district court. . . . A trial de novo is a 'new trial,' one which does not strictly speaking, arise out of entry of plea upon a complaint but arises out of an appeal. . . Once an action is appealed from justice to district court, it is treated as if it were a new trial. Questions regarding speedy trial in cases concerning new trials are analyzed under the constitutional standards of Barker v. Wingo (19723, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

Sunford, 244 Mont. at 415-416, 796 P.2d at 1086-1087.

The Barker v. Wingo test involves: (1) the length of the delay; (2) the reason for the delay; (3) the assertion of the right to speedy trial by the defendant; and (4) the prejudice to the defense. Barker, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. The record contains a transcript of the proceedings held by the court, just prior to the trial, in which the court heard arguments from both counsel concerning the above elements and their bearing on the case

The court specifically determined that the State had not intended by its actions to delay the trial. The record shows that the State actually sought a speedy resolution of the trial. The

4

trial took 320 days from appeal to trial because the court itself had scheduling difficulties.

Further, the court determined that the Barker criteria were met and Mantz had objected in timely fashion on December 7, 1993. The trial was scheduled for December 13, 1993.

The court determined that its decision to dismiss or not dismiss hinged on whether Mantz had been prejudiced by this time and whether his constitutional rights had been violated. Mantz argued that he lost business because of the incident. Mantz also argued that he has high blood pressure and that the anticipation of the proceedings caused him high anxiety and, hence, medical problems.

Here, the court considered these arguments and determined that Mantz lost business because of the incident itself, not the length of the delay for trial. Also, the court determined that Mantz had provided no medical evidence that the length of delay had caused him any medical problems. Therefore, the court did not dismiss the case because it determined that according to the Barker criteria, no lack of a speedy trial occurred here.

We conclude that the District Court correctly considered the Barker v. Wingo elements because this was an appeal from a justice court which resulted in a trial de novo in district court. The six-month rule from § 46-13-401(2), MCA (1991), applies to the initial trial in justice court.

We hold that the District Court did not err when it denied appellant's motion to dismiss the charges filed against him for

5

lack of a speedy trial.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Justice Terry N. Trieweiler specially concurring.

I concur with the result of the majority opinion. I do not agree with the legal reasoning given for the majority opinion.

Section 46-13-401(2), MCA, requires that people charged with misdemeanors be brought to trial within six months. It does not make a distinction between pretrial delay in justice court and pretrial delay in district court. That fictional distinction was created by this Court in *State v. Sunford* (1990), 244 Mont. 411, 796 P.2d 1084, by sheer judicial legislation. Therefore, I decline to follow that decision.

However, I conclude that the result must necessarily be the same as that arrived at by the majority. Section 46-20-104(2), MCA, prohibits this Court from reviewing a district court's error unless there was a timely and appropriate objection in the district court. In this case, the defendant did not raise the applicability of § 46-13-401(2), MCA, in the District Court. Therefore, he waived the right to raise that argument on appeal.

For these reasons, I specially concur with the result of the majority opinion.

_____
Justice

Justice William E. Hunt, Sr., joins in the foregoing concurring opinion.

_____
Justice

7