No. 96-135

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996


THE STATE OF MONTANA,

Plaintiff and Respondent,

v.

CHRISTOPHER GREYWATER,

Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowston,
The Honorable Maurice R. Colberg, Jr.,
Judge presiding.


COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender,
Helena, Montana


For Respondent:

Honorable Joseph P. Mazurek, Attorney General;
Jennifer Anders, Assistant Attorney General,
Helena, Montana

Dennis Paxinos, County Attorney; John Kennedy,
Deputy County Attorney, Billings, Montana

Submitted on Briefs: November 14, 1996

Decided: January 2, 1997

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

A jury in the Thirteenth Judicial District, Yellowstone County, found Christopher Greywater guilty of robbery. Greywater appeals. We affirm.

Greywater raises two issues on appeal.

1. Did the District Court err when it refused Greywaterþs proposed instruction that theft is a lesser included offense of robbery?

2. Did the District Court err when it refused to consider a motion in limine to exclude an eyewitness identification of Greywater?

FACTS

On April 3, 1995, at about midnight, Darrell Senner was parked in downtown Billings, Montana. He was in town on business and had $250 in his billfold, including two $100 bills. As Senner sat in his van, a male wearing a black and gray sweater approached and asked for a smoke. Senner responded that he did not smoke.

The man, later identified by Senner at trial as Christopher Greywater, opened the van door and hit Senner in the head. Greywater jumped on top of Senner and struck him on the head and face. He then spit on Senner and yelled, "You know what the f--- I want." Senner handed Greywater his billfold. Greywater removed the money and ran. Senner followed Greywater and two other men down an alley. After emerging from the alley, Senner saw a police car and approached the officer sitting inside.

Senner spoke with Billings Police Officer Sandra Leonard. He described his assailant as a male Native American wearing a black and gray sweater, accompanied by two other Native Americans. Officer Leonard radioed dispatch with the description. After Officer Leonard verified that Senner was staying at the War Bonnet Inn, she left.

Billings Police Officer James Garten was dispatched to the downtown area. There, he observed three men walking down the

street near where the robbery had occurred. One was wearing a black and gray sweater. Billings Police Officer Jeff Chartier also noticed the same three men, one of whom was wearing a sweater similar to that described by dispatch. The two officers stopped their vehicles behind the three men, exited, drew their weapons, and ordered the men to the ground. Christopher Greywater was later identified as one of the three suspects. He was wearing a black and gray sweater.

As Senner was driving to his motel, he observed several handcuffed individuals lying facedown on the sidewalk. He recognized one as wearing the sweater worn by the individual who had robbed him.

The police conducted a pat-down search of Greywater. Inside his pocket they found a large amount of cash, including a $100 bill. Two twelve packs of beer and a bag containing a bottle of alcohol were lying next to him. Because the alcohol was unopened, Officer Leonard suspected that it had been recently purchased. He entered a nearby bar and spoke with James Steinmetz.

Steinmetz bartended at the Empire Bar on April 2 and 3, 1995. He testified that at about closing time, Greywater entered the bar and purchased a case of beer and a bottle of whiskey. Greywater paid for the alcohol with a $100 bill, the only $100 bill Steinmetz had seen that evening.

Steinmetz had seen Greywater inside the Empire Bar earlier that evening. When Greywater entered after 1 a.m., Steinmetz testified that Greywater was excited and in a much better mood than he had been previously. After purchasing the alcohol, Greywater and two other individuals left the bar in a hurry. Steinmetz testified that the black and gray sweater, which the police seized after Greywaterþs arrest, was of a similar color and design as the one Greywater had been wearing when he entered the bar.

Greywater and the two other suspects were taken into custody, placed in separate police cars, and driven to the War Bonnet Inn. There, under a lighted canopy near the motel entrance, Officer Gartner asked Senner if he recognized any of them. Senner looked into the cars containing the other two suspects but made no identification. He then looked into the third police car and positively identified Greywater as the individual who had robbed him.

Greywater was charged by information with robbery in violation of  45-5-401(1)(a), MCA. He pleaded not guilty. Following a jury trial, he was found guilty of robbery and sentenced to fifteen years at the Montana State Prison. Greywater appeals.

DISCUSSION

1. Did the District Court err when it refused Greywaterþs proposed instruction that theft is a lesser included offense of robbery?

During settlement of jury instructions, Greywater offered a proposed instruction that misdemeanor theft is a lesser included offense of robbery, citing 46-16-602, MCA (1989), as authority. The State objected, citing State v. Kills On Top (1990), 243 Mont. 56, 793 P.2d 1273, and State v. Albrecht (1990), 242 Mont. 403, 791 P.2d 760. The District Court refused Greywaterþs proposed instruction by applying the "same elements" test in Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. The court then gave the following instructions, offered by the State and accepted without objection by Greywater, regarding the offense of robbery:

Instruction No. 6

A person commits the offense of robbery (felony) if, in the course of committing a theft he inflicts bodily injury upon another.


Instruction No. 7

To convict the defendant of the charge of robbery (felony), the State must prove the following elements:
1.  That the defendant committed theft; and
2.  That the defendant while so doing inflicted bodily injury upon Douglas Senner; and
3.  That the defendant acted purposely or knowingly.

. . .


Instruction No. 10

A person commits the offense of theft if he purposely or knowingly obtains or exerts unauthorized control over property of the owner, and has the purpose of depriving the owner of the property.

Greywater asserts that the court erred as a matter of law when it refused to instruct the jury that theft is a lesser included offense of robbery.

A criminal defendant is entitled to a requested lesser included offense instruction where, based on the evidence, the jury rationally could be warranted in convicting on the lesser offense and acquitting on the greater offense.  Section 46-16-607(2), MCA; State v. Smith (1996), 276 Mont. 434, 443, 916 P.2d 773, 778. Therefore, we must first determine whether, as a matter of law, theft is a lesser included offense of robbery.  If so, we must then determine whether Greywaterþs proposed jury instruction was supported by the evidence.  Smith, 916 P.2d at 778.

This Court has long employed the Blockburger test to determine what constitutes a lesser included offense.  The test provides:
[W]here the same act or transaction constitutes a

violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . ."

Blockburger, 284 U.S. at 304. Iannelli v. United States (1975), 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294 n. 17, 43 L.Ed.2d 616, 627 n. 17, further explained the Blockburger test, stating: If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.

Greywater argues that although this Court used the Blockburger test in State v. Madera (1983), 206 Mont. 140, 670 P.2d 552, upon which Albrecht and Kills On Top were decided, to determine that theft is not a lesser included offense of robbery, that Madera applies to double jeopardy issues, not to jury instructions. He suggests that in the context of lesser included offense jury instructions, the focus of the Blockburger test should not be limited to a comparison of the statutory elements, but instead should include an inquiry into the facts adduced at trial. We disagree.

In Madera, the defendants were charged and convicted of both felony theft and robbery. We held that prosecution for both offenses did not violate double jeopardy, concluding that felony theft was not a lesser included offense within the charge of robbery under Blockburger because felony theft required proof that the value of the property taken exceeded a certain dollar amount, an element not required for robbery. Madera, 670 P.2d at 557-58.

In Albrecht, the defendant argued that the trial court erred by refusing to instruct the jury that theft is a lesser included offense of robbery. We recognized that Madera involved a double jeopardy issue, not a jury instruction. Albrecht, 791 P.2d at 762. However, we refused to deviate from the Blockburger test to determine whether theft is a lesser included offense of robbery in the context of jury instructions.

We have ruled that theft is not a lesser-included offense of robbery, Madera, 670 P.2d at 558, albeit for different reasoning . . . . Not only does theft require an additional element of proof regarding value, our statutes specify that commission of theft is not required for commission of a robbery. Section 45-5-401, MCA, requires only that the actor "be in the course of committing the theft." Under the statute, in order for a robbery charge to adhere, a person does not actually have to complete the theft but only be in the course of committing the theft.

Albrecht, 791 P.2d at 763.

We also noted that the Criminal Law Commission Comments to 45-5-401, MCA, illustrate that theft is not a lesser included offense of robbery:

Common-law robbery was theft of property from the person or in the presence of the victim by force or by putting him in fear either of immediate bodily injury or of certain other grievous harms. [Section 45-5-401, MCA] does not explicitly include the traditional basis for classifying robbery as taking property from the person or in the presence of a person, but approaches the crime as one of immediate danger to the person and relies on the condition of violence or threatened violence to distinguish the crime from ordinary theft. The gist of the offense is taking by force or threat of force.

[Section 45-5-401, MCA] would apply where property was not taken from the person or from his presence. For example, an offender might threaten to shoot the victim in order to compel him to telephone directions for the disposition of property elsewhere. Further, it is immaterial whether property is or is not obtained. This seems compatible with the theory of treating robbery as an offense against the person rather than against property. Hence, a completed robbery may occur even though the crime is interrupted before the accused obtained the goods, or if the victim had no property to hand over[.]

Albrecht, 791 P.2d at 763, citing Criminal Law Commission Comments, 45-5-401, MCA.

In Kills On Top, the defendant similarly claimed that theft was a lesser included offense of robbery for purposes of jury instructions. We disagreed and reiterated the holding of Albrecht. Kills On Top, 793 P.2d at 1297.

Albrecht is consistent with numerous cases in which this Court has employed the Blockburger test to determine whether one offense is a lesser included offense of another in the context of jury instructions. See State v. Steffes (1994), 269 Mont. 214, 887 P.2d 1196 (endangering the welfare of children and deviate sexual conduct); State v. Fisch (1994), 266 Mont. 520, 881 P.2d 626 (negligent endangerment and aggravated assault); State v. Arlington (1994), 265 Mont. 127, 875 P.2d 307 (felony assault and aggravated assault); State v. Long (1986), 223 Mont. 502, 726 P.2d 1364 (misdemeanor assault and sexual assault); State v. Gray (1983), 207 Mont. 261, 673 P.2d 1262 (unsworn falsification and criminal mischief); and State v. Ritchson (1981), 193 Mont. 112, 630 P.2d 234 (aggravated assault and robbery).

This Court has previously focused on the statutory elements, not the facts of a given case, to decide what constitutes a lesser included offense for purposes of jury instructions. Steffes, 887 P.2d at 1207. We look to the statutory elements of the respective crimes to determine if each offense requires proof of a fact which the other does not to determine if there is a lesser included offense. Madera, 670 P.2d at 558.

The offense of robbery is defined by 45-5-401(1)(a), MCA, as follows: "(1) A person commits the offense of robbery if in the course of committing a theft he: (a) inflicts bodily injury upon another." The applicable elements of theft are: (1) purposely or knowingly; (2) obtaining or exerting unauthorized control; (3) over the property of the owner; (4) with the purpose of depriving the owner of the property. Section 45-6-301(1)(a), MCA.

Robbery and theft each require proof of an additional fact that the other does not. A conviction of robbery under 45-5-401(1)(a), MCA, requires the infliction of bodily injury upon another, but does not require the completed act of theft as an element. Robbery requires that the person "be in the course of committing the theft." Section 45-5-401, MCA. The offense of theft requires proof of an additional fact--that the theft was completed. Because robbery requires proof of at least one element that is not needed to establish the offense of theft, theft is not a lesser included offense of robbery. See Albrecht, 791 P.2d at 762-3.

Montana statutes, Criminal Law Commission Comments, and case law support the District Courtþs conclusion that theft is not a lesser included offense of robbery. We hold that the District Court correctly instructed the jury on the law applicable to Greywaterþs case and properly refused his proposed jury instruction that theft is a lesser included offense of robbery. Because we so hold, we do not address whether there was sufficient evidence for a jury to convict Greywater of theft.

Greywater also argues that the Blockburger test used by the District Court is inconsistent with the statutory definition of "included offense" contained at 46-1-202(8), MCA. He claims that the statutory definition of included offense is broader than the Blockburger test.

When Greywater submitted his proposed jury instruction that misdemeanor theft is a lesser included offense of robbery, he did so under the purported authority of 46-16-602, MCA (1989). He now argues that the District Court refused his proposed instruction contrary to the statutory definition of "included offense" contained at 46-1-202(8), MCA. Greywater did not offer his proposed instruction pursuant to 46-1-202(8), MCA, at the district court level. A party may not change his theory on appeal from that advanced in the district court. Fisch, 881 P.2d at 629. We decline to address the merits of this argument.

2. Did the District Court err when it refused to consider a motion in limine to exclude an eyewitness identification of Greywater?

Five days before trial, the defense moved in limine to prevent "introduction into evidence any testimony concerning eye witness identification of the defendant," on the ground that such testimony violated Greywaterþs Fifth Amendment due process rights. The defense argued that Sennerþs identification was suggestive and subject to possible misidentification.

On the day of trial, counsel discussed Greywaterþs motion in limine. The State opposed the motion, arguing that it was untimely. Greywaterþs public defender agreed, but asked the court to excuse the delay for "good cause" because of his overwhelming caseload and because Greywaterþs constitutional rights were at stake. The court declined to consider the motion in limine because it was untimely, citing State v. Hart (1982), 200 Mont. 185, 650 P.2d 768. The court also determined that the motion was covered under 46-13-101, MCA, and found no good cause for it to be raised.

In Hart, the defendant waited until the day of trial to orally move to suppress police testimony concerning his pre-Miranda statements. Section 46-13-301, MCA, required ten daysþ notice and a written motion to suppress. The trial court denied the motion as untimely. We affirmed, noting that the defendant was aware from the time of his arrest that he had made damaging statements, but did not move to suppress them until the day of trial after the jury had been seated. Hart, 650 P.2d at 772.

Section 46-13-101, MCA, provides:

(1) Except for good cause shown, any defense, objection, or request that is capable of determination without trial of the general issue must be raised at or before the omnibus hearing unless provided by Title 46.

(2) Failure of a party to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court, constitutes a waiver of the defense, objection, or request.

(3) The court, for cause shown, may grant relief from any waiver provided by this section[.]

The State argues that 46-13-101, MCA, required Greywaterþs motion in limine to be raised at or before his omnibus hearing and that the courtþs decision not to consider the untimely motion is supported by Hart, 650 P.2d at 768. Greywater suggests that his counselþs crowded trial calendar provided good cause for the court to consider his otherwise untimely motion in limine. He argues

that the courtþs refusal to consider his motion was an abuse of discretion and limited his ability to pursue the identification issue, his only available defense.

The standard of review for a denial of a motion to suppress is whether the courtþs findings of fact are clearly erroneous, and whether those findings were correctly applied as a matter of law. State v. Williams (1995), 273 Mont. 459, 462, 904 P.2d 1019, 1021. In this case, the District Court dismissed Greywaterþs motion in limine as untimely and as lacking good cause. Therefore, we determine whether the courtþs conclusions of law were correct as a matter of law. Williams, 904 P.2d at 1021.

A motion in limine to prevent an in-court identification is essentially a motion to suppress and must be filed within the time limits imposed by 46-13-301, MCA (1989). See Hart, 650 P.2d at 771-72. We have consistently upheld a district court's denial of a defendantþs untimely motion to suppress. State v. Hall (1979), 183 Mont. 511, 514, 600 P.2d 1180, 1182; State v. Briner (1977), 173 Mont. 185, 189-90, 567 P.2d 35, 37-38.

Hart, Hall, and Briner were decided under the previous version of 46-13-301, MCA (1989) and 95-1806, RCM (1947), which required notice of a motion to suppress to be given at least ten days before trial, unless good cause was shown. In 1991, 46-13-301, MCA, was amended to require a motion to suppress to be raised at or before the omnibus hearing. See 1991 Mont. Laws, Ch. 800, 168, 173. The purpose of the omnibus hearing is to encourage parties to "expedite the procedures leading up to the trial." Section 46-13-110(2), MCA. The holdings of Hart, Hall, and Briner, as applied to the good cause exception of 46-13-301, MCA (1989) and 95-1806, RCM (1947), are equally applicable to the good cause exception contained at 46-13-101, MCA.

Greywaterþs omnibus hearing occurred over three months prior to trial. At the omnibus hearing, neither party indicated that identification would be a trial issue. Greywaterþs omnibus form is marked "n/a" (not applicable) in response to "Motions Requiring Separate Hearing." On the day of trial, the judge explained to both parties that he had tried to contact them the week before to determine if there were "any significant issues related to this case." When the judge called the public defenderþs office, he was informed by one of the attorneys who had worked on the case in part that "it would be a short trial and there are no major issues that I know about." We conclude that the trial judge properly refused to consider the public defenderþs busy caseload as good cause.

Greywater was aware from the time of his arrest that the Stateþs case relied in part on Sennerþs identification of him in the motel parking lot. Nevertheless, he did not submit his motion in limine until October 5, 1995, nearly six months after he was charged with robbery, and five days before trial.

Greywater did not comply with 46-13-101, MCA, and cannot

demonstrate good cause for his untimely motion.  Given the requirements of  46-13-101, MCA, the case law interpreting its predecessor statutes, and the overall purpose of the omnibus hearing, the District Court correctly determined as a matter of law that Greywaterþs motion in limine was untimely and was not subject to a good cause exception.  We hold that the District Court properly refused to consider Greywaterþs motion in limine.

Affirmed.

/S/  J. A.  TURNAGE

We concur:
/S/  CHARLES E. ERDMANN
/S/  KARLA M. GRAY
/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART