No. 97-258

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

        Plaintiff and Respondent,

v.

LANCE RICHARD GOWAN,

        Defendant and Appellant.

FILED

DEC 3 0 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard L. Musick, Attorney at Law, Kalispell, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General; Pamela P. Collins,
Assistant Attorney General; Helena, Montana

        Thomas J. Esch, Flathead County Attorney; Ed Corrigan,
Deputy County Attorney; Kalispell, Montana

Submitted on Briefs: December 18, 1997

Decided: December 30, 1997

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Group.

Lance R. Gowan appealed to the District Court for the Eleventh Judicial District in Flathead County from a conviction in the Justice Court for driving with a suspended license. Following a jury trial ten months later, he was found guilty and sentenced by the District Court. Gowan appeals. We affirm the judgment of the District Court.

There are two issues on appeal:

1.      Was Gowan denied his constitutional right to a speedy trial?

2.      Was it ineffective assistance of counsel for Gowan's counsel to fail to move to dismiss the charge based on an alleged violation of the right to a speedy trial?

## FACTUAL BACKGROUND

On November 27, 1995, Gowan was charged with driving while his license was suspended, pursuant to § 61-5-212, MCA. He was found guilty in a nonjury trial in the Flathead County Justice Court. On approximately February 29, 1996, Gowan, who appeared pro se, appealed the conviction to the District Court for a trial de novo. He based his appeal on the alleged violation of his constitutional right to a jury trial.

2

On March 8, 1996, the District Court scheduled a jury trial for May 20, 1996. After the original trial date had been vacated, the District Court, on August 7, 1996, rescheduled the trial for September 23, 1996. On August 14, 1996, counsel filed notice of appearance as Gowan's counsel. The District Court amended the date of trial, and a jury trial was held on December 11, 1996. Gowan was found guilty of driving while his license was suspended. After a sentencing hearing in February 1997, the District Court sentenced Gowan to six months in jail, with credit for the time that he had already served.

## DISCUSSION

Was Gowan denied his constitutional right to a speedy trial?

We review a district court's conclusions of law to determine whether its interpretation of the law is correct. *See Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686; *see also Kreger v. Francis* (1995), 271 Mont. 44, 447, 898 P.2d 672, 674; *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04.

Gowan contends that the District Court erred when it failed to dismiss the misdemeanor charge against him pursuant to § 46-13-401(2), MCA, which requires that the court dismiss charges against a defendant who is not brought to trial within six months.

However, when a defendant receives a trial in city or justice court within six months from the date of his initial appearance, and then appeals to district court for a new trial, § 46-13-401(2), MCA, does not apply. *See State v. Bullock* (1995), 272 Mont. 361, 368, 901

3

P.2d 61, 66-67; *State v. Mantz* (1994), 269 Mont. 135, 138, 887 P.2d 251, 253; *State v. Sunford* (1990), 244 Mont. 411, 415, 796 P.2d 1084, 1086. On appeal from justice court to district court for a new trial, we consider whether the defendant has received a speedy trial pursuant to the criteria in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101. *See Bullock*, 272 Mont. at 368-69, 901 P.2d at 67; *Sunford*, 244 Mont. at 416, 796 P.2d at 1087.

Here, Gowan clearly received a trial at justice court within the six-month time limit. Accordingly, § 46-13-401(2), MCA, does not apply. We must then consider the delay in the District Court pursuant to *Barker*.

The *Barker* test requires that we consider: (1) the length of the delay; (2) the reason for the delay; (3) the assertion of the right to a speedy trial by the defendant; and (4) the prejudice to the defense. *See Barker*, 407 U.S. at 530, 92 S. Ct. at 2192, 33 L. Ed. 2d at 117. We have held that we need not consider the remaining factors unless our review of the first factor reveals that the length of the delay is presumptively prejudicial. *See State v. Thompson* (1993), 263 Mont. 17, 32, 865 P.2d 1125, 1134. If the delay is over 200 days, we generally presume that the delay has been prejudicial. *See Thompson,* 263 Mont. at 32, 865 P.2d at 1135.

The delay between Gowan's appeal to the District Court and his trial was over 280 days and, thus, we may presume that the delay was prejudicial. However, even if we presume that the length of the delay prejudiced Gowan, we conclude that based on the nature

4

of the claim against him, which did not rely for proof on the memory of any witness, the State has rebutted the presumption of prejudice and that the delay here was not unreasonable. Therefore, we need not discuss at length the second and third *Barker* factors.

We consider the prejudice to a defendant according to three factors: (1) pretrial incarceration; (2) anxiety and concern; and (3) impairment of defense. *See State v. Hembd* (1992), 254 Mont. 407, 413-14, 838 P.2d 412, 416. Of these three, the most critical factor is the impairment to the defense. *See State v. Collier* (1996), 277 Mont. 46, 56-57, 919 P.2d 376, 383.

Gowan has made no effort to substantiate how his defense has been impaired by the delay. In fact, the charge against him presents no concerns whatsoever regarding such things as the destruction of evidence, difficulty in presenting witnesses, or other similar time-sensitive constraints to his defense. Moreover, Gowan was not imprisoned prior to trial, nor has he alleged anxiety or concern as a result of the delay. Accordingly, we hold that Gowan was not prejudiced by the delay, and that his constitutional right to a speedy trial has not been violated.

As a result of our holding that Gowan's right to a speedy trial was not violated, we also hold that the "failure" of Gowan's counsel to move for dismissal on those grounds does not constitute ineffective assistance of counsel. We affirm the judgment of the District Court.

_____
Troy Trieweiler
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____
William E. Hunt Sr.

_____
W. William Leaphart

_____
Karla M. Gray
Justices

6

December 30, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

LANCE R. GOWAN
50 TWIN ACRES DRIVE, #13
KALISPELL MT 59901

HON. JOSEPH P. MAZUREK, ATTORNEY GENERAL
PAM COLLINS, ASSISTANT
215 NORTH SANDERS
HELENA MT 59620

ED CORRIGAN
DEPUTY COUNTY ATTORNEY
BOX 1516
KALISPELL MT 59903-1516

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy