No. 97-321

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 105

STATE OF MONTANA,

Plaintiff and Respondent,

v.

EUGENE A. POLLACK,

Defendants and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark E. Jones, Missoula, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Jennifer Anders,
Assistant Attorney General, Helena, Montana; Robert L. "Dusty"
Deschamps, III, Missoula County Attorney, Karen Townsend,
Assistant Missoula County Attorney, Missoula, Montana

Submitted on Briefs: December 18, 1997

Decided: May 4, 1998
Filed:

_____

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

¶1    Eugene A. Pollack ("Pollack") appeals from the judgment of the Fourth Judicial District Court, and from the order denying his motion to dismiss the charges against him for lack of speedy trial.  We affirm.

¶2    The only issue on appeal is whether the District Court erred when it failed to dismiss the charges against Pollack for lack of speedy trial pursuant to § 46-13-401(2), MCA.

BACKGROUND

¶3    On April 14, 1996, in Missoula County Justice Court, Pollack was charged with driving under the influence of alcohol and with driving without liability insurance.  On April 15, 1996, he appeared in court and pled not guilty.

¶4    An omnibus hearing was originally set for June 6, 1996.  On the date of the scheduled hearing, attorney Bruce Hussey appeared on behalf of Pollack and requested a continuance.  According to the District Court's opinion, Hussey had informed the court that another attorney, Mark Jones, would be representing Pollack and he therefore requested the continuance to allow Jones the opportunity to appear on Pollack's behalf.  The court granted his request, and the omnibus hearing was continued until July 11, 1996.

¶5    On June 6, 1996, the State also moved to amend the citation against Pollack to correct a technical mistake that occurred when the statute numbers with which Pollack was charged were accidentally transposed.  The original citation mistakenly charged Pollack with driving without proper insurance in violation of § 61-6-304(1), MCA, which is the penalty provision for driving without insurance. The State requested the citation be amended to charge Pollack with the violation of § 61-6-301(4), MCA.

¶6    On June 10, 1996, Jones filed a notice of appearance as the attorney of record for Pollack and a demand for discovery.  The State responded to the discovery demand on June 13, 1996.

¶7    At the rescheduled omnibus hearing held July 11, 1996, the court set a trial date for  November 8, 1996, which was six months and 24 days after Pollack had entered his pleas of not guilty.  On October 23, 1996, Pollack filed a motion to dismiss the charges against him on the ground that the trial was not scheduled to occur within six months of his guilty plea as required by § 46-13-401(2), MCA.  The Justice Court denied the motion, and Pollack pled guilty to both charges, but reserved his right to appeal the adverse determination of his motion to dismiss.

¶8    Pollack appealed to the Fourth Judicial District Court, Missoula

County.   The District Court affirmed the Justice Court's order denying the motion to dismiss.  It held that the delay in the trial past the six-month time limit was caused by Pollack's request to continue the omnibus hearing, which resulted in good cause for the delay.  Pollack appeals the District Court's decision.

DISCUSSION

¶9   We review the District Court's legal conclusion to determine whether it is correct.  State v. Fitzgerald (1997), 283 Mont. 162, 165, 940 P.2d 108, 110 (citing State v. Mantz (1994), 269 Mont. 135, 137, 887 P.2d 251, 253).

¶10   Pollack argues that § 46-13-401(2), MCA, requires that his case be dismissed because the court scheduled his trial to occur more than six months after he entered his guilty plea.  Section 46-13-401(2), MCA, provides:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

The State, on the other hand, contends that good cause to the contrary is shown, because the trial date was delayed due to Pollack's request for a continuance of the omnibus hearing.  We agree.

¶11   This Court has explained that it will dismiss a misdemeanor charge pursuant to § 46-13-401, MCA, only if two conditions are met: (1) the defendant has not asked for a postponement; and (2) the State has not shown good cause for the delay.  Fitzgerald, 283 Mont. at 165, 940 P.2d at 110 (citing State v. Crane (1989), 240 Mont. 235, 238, 784 P.2d 901, 903).

¶12   In Fitzgerald, we held that "any pretrial motion for continuance filed by a defendant which has the incidental effect of delaying the trial beyond the six month time limit could be said to  postpone trial' for purposes of § 46-13-401(2), MCA."  Fitzgerald, 283 Mont. at 166-67, 940 P.2d at 111.   In that case, the trial was delayed beyond the six-month time limit because the court had accommodated Fitzgerald by continuing the omnibus hearing on two occasions.  Fitzgerald, 283 Mont. at 164, 940 P.2d at 109.  This Court thus held that "good cause" existed and § 46-13-401(2), MCA, did not mandate dismissal.  As we stated:

> After these delays caused by Fitzgerald, the Justice Court cannot be expected to alter its schedule to ensure that the misdemeanor charge is tried within six months.  A Justice Court must retain a measure of flexibility over scheduling to hear cases on its docket.  As such, we determine that the trial date of March 26, 1996, fell within the "good cause to the contrary" exception of § 46-13-401(2), MCA.

Fitzgerald, 283 Mont. at 167, 940 P.2d at 111.

¶13   Similarly, in this case, the District Court found that the delay in the trial

beyond the six-month time limit was due to Pollack's request to continue the omnibus hearing.  According to our holding in Fitzgerald, the trial date fell within the "good cause to the contrary" exception to § 46-13-401(2), MCA.

¶14  Pollack challenges the court's factual finding that the delay was attributable to him.  He argues that the State caused the delay by filing the motion to amend the citation.  Pollack admits that the State's motion, which was filed only to correct transposed numbers in the statutory cite, had "little, if any, effect upon the charges against him."  He nevertheless insists that he was required to request a continuance of the omnibus hearing in order to properly evaluate and respond to the motion.  But Pollack did not advance this theory to the District Court.   It is well-settled that a party may not change his theory on appeal from that presented to the district court.  State v. Greywater (1997), 282 Mont. 28, 35,  939 P.2d 975, 979.   We thus decline to address the merits of his argument.  We hold that the District Court did not err when it failed to dismiss the charges against Pollack for lack of speedy trial pursuant to § 46-13-401(2), MCA.

¶15  Affirmed.

/S/  WILLIAM E. HUNT, SR.


We Concur:

/S/  J. A.  TURNAGE
/S/  TERRY N. TRIEWEILER
/S/  KARLA M. GRAY
/S/  JIM REGNIER