FILED

June 30 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0631

DA 14-0631

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 189N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

JAMES LEWIS WALMSLEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC-2014-123
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad M. Wright, Wright Legal, P.C.; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Mardell L. Ployhar,
Assistant Attorney General; Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney; Anne Peterson, Deputy
County Attorney; Helena, Montana

Submitted on Briefs: June 10, 2015
Decided: June 30, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 After the Lewis and Clark County Justice Court denied his motion to dismiss for lack of a speedy trial, James Walmsley (Walmsley) appealed the Justice Court's order to the Montana First Judicial District Court, Lewis and Clark County. In an order from which Walmsley now appeals, the District Court affirmed the Justice Court's decision. We also affirm.

¶3 Walmsley was cited for driving under the influence of alcohol on June 24, 2013. He appeared before the Justice Court on the same day, and an omnibus hearing was scheduled for July 31, 2013. At Walmsley's request, the omnibus hearing was subsequently continued for three weeks. It was ultimately held on August 28, 2013.

¶4 Following the omnibus hearing, the Justice Court set a suppression hearing for October 4, 2013, and set trial for December 3, 2013. On October 3, 2013, the State filed a motion to continue the suppression hearing. In response, the Justice Court issued an order rescheduling the hearing for November 15, 2013. On October 24, 2013, Walmsley filed a motion to further continue the suppression hearing. The motion stated: "The grounds and reason for this motion are that the Attorney for the Defendant will be out of

the country on a preplanned, prepaid vacation and will be unable to appear at the hearing. A waiver of speedy trial will be filed with this court shortly." In response, the Justice Court rescheduled the hearing for November 8, 2013.

¶5 At the November 8 hearing, the Justice Court ordered the State to file a brief responding to Walmsley's motion to suppress. The Justice Court gave the State ten days to file the brief, to which Walmsley's attorney remarked: "Ten days is fine with me. Just let me know if you need more time." The State filed its brief on November 21, 2013, and the Justice Court denied Walmsley's motion to suppress on December 17, 2013.

¶6 Although there is no record of the court vacating the trial scheduled for December 3, 2013, the trial was not held on that day. On December 19, 2013, an employee in the clerk's office emailed both parties to determine if they wanted a jury trial. The email indicated that the speedy trial deadline was December 23, 2013. Walmsley, through his attorney, responded to the email that day and asked for a jury trial. The Justice Court scheduled the jury trial for March 10, 2014.

¶7 On February 14, 2014, Walmsley filed a motion to dismiss, citing speedy trial grounds. After a hearing, the Justice Court denied the motion to dismiss. Walmsley pled guilty to driving under the influence and appealed to the District Court, claiming that the Justice Court erred when it denied his motion to dismiss. The District Court affirmed the order of the Justice Court.

¶8 Walmsley now appeals to this Court. He claims that since he was charged with a misdemeanor the Justice Court was required by § 46-13-401(2), MCA, to conduct his

trial within six months of his initial appearance. He argues that because this six month time period expired on December 24, 2014, his right to a speedy trial was violated. We disagree.

¶9 Section 46-13-401(2), MCA, states that "[a]fter the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months." Applying this statute, we have explained that "misdemeanor charges will be dismissed pursuant to this provision 'only if two conditions are met: (1) the defendant has not asked for a postponement; and (2) the State has not shown good cause for the delay.'" *City of Helena v. Roan*, 2010 MT 29, ¶ 9, 355 Mont. 172, 226 P.3d 601 (quoting *State v. Pollack*, 1998 MT 105, ¶ 11, 288 Mont. 436, 958 P.2d 75). For the purposes of the first condition, "any pretrial motion for continuance filed by a defendant which has the incidental effect of delaying the trial beyond the six month time limit could be said to 'postpone trial.'" *State v. Fitzgerald*, 283 Mont. 162, 166-67, 940 P.2d 108, 111 (1997).

¶10 In *Fitzgerald*, we stated that § 46-13-401(2), MCA, had not been violated even though the defendant's trial was held more than six months after his initial appearance. We reasoned that:

> The Justice Court accommodated Fitzgerald by moving back the date of the omnibus hearing twice . . . . After these delays caused by Fitzgerald, the Justice Court cannot be expected to alter its schedule to ensure that the misdemeanor charge is tried within six months. A Justice Court must retain a measure of flexibility over scheduling to hear cases on its docket.

4

*Fitzgerald*, 283 Mont. at 167, 940 P.2d at 111.

¶11 In this case, Walmsley's trial was initially scheduled for a date within six months of his initial appearance. However, the parties and the court were unable to keep this date, after Walmsley, like the defendant in *Fitzgerald*, asked to delay the omnibus hearing and the suppression hearing. As in *Fitzgerald*, the court accommodated Walmsley's schedule. After doing so, it could not be expected to alter its schedule to ensure that the misdemeanor charge was tried within six months.

¶12 This is especially so in light of Walmsley's statement, made through his counsel, that he planned to file a speedy trial waiver shortly after October 24, 2013. While neither of the courts below determined that this constituted a waiver of Walmsley's right to a speedy trial, and while we do not do so here, we recognize that a court may rely on representations of the parties and their attorneys. *See* M. R. Civ. P. 11(b). The statement is evidence of Walmsley's willingness to postpone his trial and is an act that had the incidental effect of delaying the trial.

¶13 As the District Court correctly decided, "the record as a whole establishes that the defense made motions which had the incidental effect of postponement of the trial date." Accordingly, the Justice Court was not required by § 46-13-401, MCA, to bring Walmsley to trial within 6 months. It did not err when it denied Walmsley's motion to dismiss based on that statute.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON