No. 02-054

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 209

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

MICHAEL PATRICK TOPP,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Twenty-First Judicial District, Cause No. DC-01-38
                   In and for the County of Ravalli,
                   The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                David E. Stenerson; Stenerson Law Office, Hamilton, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Pamela P. Collins,
                Assistant Attorney General, Helena, Montana

                George H. Corn, Ravalli County Attorney, Hamilton, Montana


                           Submitted on Briefs:   August 22, 2002

                                  Decided:   August 12, 2003

Filed:

_____
                      Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Michael Patrick Topp (Topp) was convicted in the Twenty-First Judicial District Court, Ravalli County, on his guilty pleas to one felony and two misdemeanor offenses. Topp appeals from the District Court's earlier order denying his motion to dismiss the two misdemeanor charges on statutory speedy trial grounds, having reserved the right to do so. We affirm.

¶2     The dispositive issue on appeal is whether the District Court erred in denying Topp's motion to dismiss the misdemeanor charges pursuant to § 46-13-401(2), MCA.

BACKGROUND

¶3     Topp's vehicle collided with an oncoming vehicle as he drove from the parking lot of the Rustic Hut Tavern in Florence, Montana, onto U.S. Highway 93. He was cited into the Ravalli County Justice Court on January 23, 2001, for the misdemeanor offenses of driving under the influence of alcohol and/or drugs (second offense) and failure to provide proof of liability insurance (fourth offense). On February 5, 2001, Topp pled not guilty to both offenses. The prosecution moved to dismiss the citations because it intended to file charges in the District Court and, on March 14, 2001, the Justice Court granted the motion.

¶4     On March 21, 2001, the State of Montana (State) filed an information against Topp in the District Court, charging him with felony criminal endangerment and the two misdemeanor offenses previously dismissed by the Justice Court. Topp pled not guilty to

2

all charges on April 18, 2001. Subsequent amendments to the information are not at issue in this appeal.

¶5 The District Court set trial for August of 2001, but rescheduled it to September 17, 2001, on the State's motion. On August 13, 2001, Topp moved to dismiss the two misdemeanor charges for lack of a speedy trial. Topp argued that § 46-13-401(2), MCA, required the misdemeanor charges to be tried within six months of February 5, 2001, the date on which he pled not guilty in the Justice Court. The District Court concluded the constitutional speedy trial analysis, rather than the statute, applied and denied Topp's motion. Reserving his right to appeal that ruling, Topp pled guilty to all three charges. The District Court sentenced Topp and ultimately entered an Amended Judgment. Topp appeals from the District Court's denial of his motion to dismiss the misdemeanor charges on statutory speedy trial grounds.

## STANDARD OF REVIEW

¶6 Whether a district court properly denied a motion to dismiss is a legal issue which we review to determine whether that court's interpretation was correct. *State v. Bullock* (1995), 272 Mont. 361, 368, 901 P.2d 61, 66 (citing *State v. Mantz* (1994), 269 Mont. 135, 137, 887 P.2d 251, 253; *Doting v. Trunk* (1993), 259 Mont. 343, 347, 856 P.2d 536, 539).

## DISCUSSION

¶7 Did the District Court err in denying Topp's motion to dismiss the misdemeanor charges pursuant to § 46-13-401(2), MCA?

¶8      Both the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee a criminal defendant's right to a speedy trial. Section 46-13-401(2), MCA, addresses the time in which a person charged with a misdemeanor must be tried:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

With regard to the constitutional speedy trial right, Montana courts apply a modified *Barker v. Wingo* test. *See City of Billings v. Bruce*, 1998 MT 186, ¶ 19, 290 Mont. 148, ¶ 19, 965 P.2d 866, ¶ 19 (citing *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101).

¶9      Analogizing to *Mantz* and *Bullock*, the District Court determined that the proper joinder of the misdemeanor and felony charges against Topp, together with the strong policies underlying joinder, rendered all of the charges against Topp susceptible to the *Bruce* speedy trial analysis. Applying that analysis, the court determined Topp's constitutional speedy trial rights had not been violated. Topp does not challenge the court's *Bruce* analysis. He contends the District Court improperly interpreted--and failed to apply--§ 46-13-401(2), MCA. He also addresses the case law on which the court relied.

¶10     Topp first asserts entitlement to dismissal of the misdemeanor charges pursuant to § 46-13-401(2), MCA, because he was not brought to trial on those charges within six months of his February 5, 2001 not guilty pleas in the Justice Court. This assertion is totally without merit since the Justice Court charges were, in fact, dismissed without prejudice on

4

March 14, 2001. No charges were pending against Topp for approximately one week thereafter and, consequently, no speedy trial "clock" was running.

¶11    Moreover, Topp does not object to the joinder of the misdemeanor and felony charges against him in the District Court. Indeed, he concedes that felony charges may take longer to prepare and try. He contends, however, that the misdemeanor charges remain subject to the "six-month" rule contained in § 46-13-401(2), MCA, while the felony charge falls under the *Bruce* analysis. We disagree and, because the joinder issue relates to both Topp's statutory interpretation argument and the cases on which the District Court relied, we discuss that subject next.

¶12    Rule 8(a), Fed.R.Crim.P., states that an indictment or information may charge a defendant with multiple offenses "whether felonies or misdemeanors or both" if the offenses are based on the same act or transaction. In general, federal authorities are uniformly in support of joining multiple offenses that arose from the same acts by the defendant. *See, e.g., United States v. Alexander* (7th Cir. 1998), 135 F.3d 470, 476; *United States v. Bullock* (5th Cir. 1995), 71 F.3d 171, 174. Out of considerations of fairness to defendants and of orderly and efficient law enforcement, the policy of the United States Department of Justice is "that several offenses arising out of a single transaction should be alleged and tried together and should not be made the basis of multiple prosecutions." 1A CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 143 (3d. Ed. 1999) (citing *Petite v. U.S.* (1960), 361 U.S. 529, 530, 80 S.Ct. 450, 451, 4 L.Ed.2d 490, 492).

5

¶13 Montana authorities are generally in accord. Section 46-11-404(1), MCA, is substantively identical to Rule 8(a), Fed.R.Crim.P., providing that multiple offenses, "whether felonies or misdemeanors or both," may be charged in the same charging document if the offenses are of the same or similar character, based on the same transactions, or constitute a common scheme. Considerations of judicial economy exert a strong pressure in favor of joining related offenses. *See State v. Martin* (1996), 279 Mont. 185, 192, 926 P.2d 1380, 1385.

¶14 As noted above, Topp does not dispute the propriety of joinder in the present case. In addition, he recognizes that § 46-13-401(2), MCA, contains a "good cause" exception. While not expressly stated, Topp may be attempting to argue that, because the District Court did not expressly make a "good cause" determination, joinder does not constitute good cause as contemplated by § 46-13-401(2), MCA.

¶15 It is true that no express good cause determination was made here. If the District Court implicitly made a determination that joinder and the purposes it serves constituted good cause not to apply § 46-13-401(2), MCA, to the misdemeanor charges against Topp, that determination would be a conclusion of law in the context of this criminal proceeding, reviewable to determine whether the court was correct. *See Bullock*, 272 Mont. at 368, 901 P.2d at 66 (citing *Mantz*, 269 Mont. at 137, 887 P.2d at 253). In that regard, the District Court did state that it would "thwart[] the very principle of joinder" to subject the misdemeanor charges to the statute, thus requiring that they be tried more quickly, while the felony charge remained subject to the separate *Bruce* analysis. Assuming *arguendo* that the

6

conclusion was reached as a good cause determination regarding why § 46-13-401(2), MCA, does not apply to the misdemeanors in the District Court, Topp advances no authority under which such a determination would be legally incorrect, as required by Rule 23(a)(4), M.R.App.P. As a result, we will not address that matter further. *See In re B.P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41 (citation omitted).

¶16     Topp also asserts that *Mantz* and *Bullock*, on which the District Court relied, are not directly on point here. He is correct and, indeed, the District Court acknowledged as much. That court merely analogized to *Mantz* and *Bullock*, and we conclude it did so properly.

¶17     *Mantz* involved a defendant tried and convicted of a misdemeanor in city court, who thereafter appealed to the district court for a trial *de novo*. *Mantz*, 269 Mont. at 136-37, 887 P.2d at 252. He was not tried in the district court within the six months set forth in § 46-13-401(2), MCA, and sought dismissal of the misdemeanor on that basis. The trial court denied the motion, the defendant was convicted and, on appeal to this Court, the defendant asserted error in the trial court's failure to dismiss the misdemeanor charge on statutory speedy trial grounds. *Mantz*, 269 Mont. at 137, 887 P.2d at 252-53. We disagreed, noting that we previously had interpreted the statute as inapplicable to situations in which the case is appealed from a court of limited jurisdiction to a trial *de novo* in district court. *Mantz*, 269 Mont. at 137-38, 887 P.2d at 253. Indeed, in *State v. Sunford* (1990), 244 Mont. 411, 796 P.2d 1084, we stated that:

> "A trial de novo is a 'new trial,' one which does not strictly speaking, arise out of entry of plea upon a complaint but arises out of an appeal." Once an action is appealed from justice [court] to district court, it is treated as if it were a new trial. Questions regarding speedy trial in cases concerning new trials are

7

analyzed under the constitutional standards of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

*Sunford*, 244 Mont. at 416, 796 P.2d at 1087 (citing *State v. Knox* (1984), 207 Mont. 537, 541, 675 P.2d 950, 952). In other words, when the case moved to the district court on appeal by the defendant for a trial *de novo*, it became essentially a new case in that court and the constitutional speedy trial analysis was applicable.

¶18 *Bullock*, on the other hand, involved a statutorily authorized appeal by the state from justice court to the district court for a trial *de novo*, after the justice court suppressed all evidence pertaining to one defendant and dismissed altogether the charges against another defendant. *Bullock*, 272 Mont. at 364, 901 P.2d at 63. In response, the defendants moved the district court, among other things, to dismiss the misdemeanor charges because no trial had occurred within the six months allowed by § 46-13-401(2), MCA. The district court denied their motions, and the defendants appealed. *Bullock*, 272 Mont. at 367, 901 P.2d at 65.

¶19 On appeal, the defendants contended that the *Sunford* holding–cited in *Mantz*–did not apply because, in their case, no trial had occurred in the justice court and, therefore, no trial *de novo* could occur in the district court. *Bullock*, 272 Mont. at 368, 901 P.2d at 66. We determined that "[s]o long as the justice court jurisdiction is exhausted within six months by some action which authorizes appeal de novo to the district court, § 46-13-401(2), MCA, has been satisfied" and the constitutional speedy trial analysis applies. *Bullock*, 272 Mont. at 369, 901 P.2d at 67. In *Bullock*, the action which exhausted the justice court's jurisdiction and authorized appeal *de novo* was a statute allowing the state to appeal any order, such as

8

that entered by the justice court, which results in dismissing a case. In any event, as in *Mantz*, the case became a new case when it reached the district court.

¶20 While there are procedural distinctions between *Mantz* and *Bullock* and the present case, the principles underlying those cases are equally applicable here. The misdemeanor charges against Topp originally arose via citations into Justice Court, where Topp pled not guilty. Significantly less than six months later, the Justice Court dismissed those charges, thereby exhausting its jurisdiction. At that point, no charges were pending against Topp. The State subsequently joined the misdemeanor charges with a felony charge of criminal endangerment and filed them in the District Court via information. At that time, the charges and case were an entirely new matter, in essence a case *de novo*, in the District Court.

¶21 For these various reasons, we conclude that § 46-13-401(2), MCA, is not applicable in the District Court in this case. Therefore, we hold the District Court did not err in denying Topp's motion to dismiss the misdemeanor charges against him on statutory speedy trial grounds.

¶22 Topp's final argument is that, if we determine the District Court erred in denying his speedy trial motion, he is entitled to a trial on the felony criminal endangerment charge to which he also pled guilty. Given our holding above, we need not reach this issue.

¶23 Affirmed.

/S/ KARLA M. GRAY

We concur:

9

/S/ JIM REGNIER
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE