FILED

July 16 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0546

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 192

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

LESTER JOE CASE,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twenty-First Judicial District, In and For the County of Ravalli, Cause No. DC 12-83 Honorable James A. Haynes, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

           Wade Zolynski, Chief Appellate Defender; Jonathan King, Assistant Appellate Defender; Helena, Montana

      For Appellee:

           Timothy C. Fox, Montana Attorney General; Jonathan M. Krauss, Assistant Attorney General; Helena, Montana

           William E. Fulbright, Ravalli County Attorney; John Bell, Deputy County Attorney; Hamilton, Montana

| | | |
|---|---|---|
| | Submitted on Briefs: | May 15, 2013 |
| | Decided: | July 16, 2013 |

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1　Lester Joe Case (Case) appeals the Montana Twenty-First Judicial District Court's order affirming the Ravalli County Justice Court's denial of his motion to dismiss. We affirm. On appeal, we consider whether the District Court erred when it upheld the denial of Case's motion to dismiss the charges against him for lack of speedy trial.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2　Upon responding to a domestic assault call on the evening of July 23, 2011, Ravalli County Sheriff's deputies found Case's wife, Sherri, waiting outside of the couple's home. Sherri told the deputies that she and Case began arguing after she returned home and found her belongings dumped on their living room floor. When Sherri walked into their kitchen during the argument, Case shoved her in the chest and knocked her into the edge of a kitchen counter, injuring her.

¶3　Two days later, the State charged Case with Partner or Family Member Assault (PFMA) in violation of § 45-5-206(3)(iv), MCA. The State alleged that, because Case had twice been convicted of PFMA, the pending charge against Case was a felony.[1] On August 18, 2011, Case appeared before the District Court and entered a not guilty plea. Then, on October 26, 2011, the District Court dismissed the felony charge after the State conceded that one of Case's prior PFMA charges had been dismissed. Later that day, the State filed with the Ravalli County Justice Court a misdemeanor PFMA charge against Case.

---

[1] Under Montana law, a "first or second conviction of PFMA is considered a misdemeanor, while a third or subsequent conviction is considered a felony." *State v. Martz*, 2008 MT 382, ¶ 2, 347 Mont. 47, 196 P.3d 1239 (citing § 45-5-206(3)(a), MCA).

2

¶4    On November 15, 2011, Case appeared before the Justice Court and pled not guilty to the misdemeanor charge. The court set a trial date for May 5, 2012. Case filed a motion to dismiss on March 23, 2012 for failure to provide a speedy trial. He alleged that the State had failed to bring his case to trial within six months of his initial plea on the dismissed felony PFMA charge, as required by § 46-13-401(2), MCA. After the Justice Court denied his motion to dismiss, Case pled guilty to the reduced charge of disorderly conduct, a misdemeanor, in violation of § 45-8-101(1)(a), MCA. Case reserved the right to appeal the denial of his motion to dismiss to the District Court. The District Court affirmed the denial of Case's motion to dismiss on July 26, 2012. Case appeals.

**STANDARD OF REVIEW**

¶5    "When a district court acts in an appellate capacity, we review to determine whether the district court reached the correct conclusions under the appropriate standards of review." *State v. Finley*, 2011 MT 89, ¶ 17, 360 Mont. 173, 252 P.3d 199. We review a district court's denial of a motion to dismiss for lack of a speedy trial "to determine whether the district court's findings of fact were clearly erroneous." *State v. Steigelman*, 2013 MT 153, ¶ 10, 370 Mont. 352, ___ P.3d ___ (citing *State v. Ariegwe*, 2007 MT 204, ¶ 119, 338 Mont. 442, 167 P.3d 815). Whether a misdemeanor charge must be dismissed under the speedy trial statute requires an interpretation and application of § 46-13-401(2), MCA, a question of law reviewed for correctness. *Martz*, ¶ 17.

3

## DISCUSSION

*Whether the District Court erred when it upheld the Justice Court's rejection of Case's speedy trial claim.*

¶6    A criminal defendant's right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article II, Section 24 of the Montana Constitution. *Ariegwe*, ¶ 20. In felony cases, we apply a four-part balancing test to determine whether a defendant's constitutional right to a speedy trial has been violated. *See Ariegwe*, ¶ 113. We do not apply this balancing test to misdemeanors, however, because Montana's statutory speedy-trial protections regarding misdemeanors are "more strict than [our] constitutional analysis[.]" *State v. Ronnigen*, 213 Mont. 358, 362, 691 P.2d 1348, 1350 (1984); *see also State v. Belgarde*, 244 Mont. 500, 507, 798 P.2d 539, 544 (1990). The Legislature has directed that:

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

Section 46-13-401(2), MCA.

¶7    The District Court concluded that Case had a right to be brought to trial "within 6 months after he first entered a not guilty plea to the misdemeanor PFMA" charge, which "occurred on November 15, 2011." The court determined that the filing of the felony PFMA charge and the subsequent filing of the misdemeanor PFMA charge were "distinct and unrelated event[s]." It therefore concluded that "the timing of Case's entry of a not guilty plea to the felony charge filed in the District Court appears to be irrelevant."

4

¶8 Before the District Court, the parties agreed that Case pled not guilty to a felony PFMA charge on August 18, 2011. On appeal, Case contends that although "the charge was a felony on paper," it actually was a "misdemeanor under the law and therefore a misdemeanor for purposes of the speedy trial statute" because he had been convicted of PFMA only once prior. Consequently, he argues that the State was required to try him within six months of August 18, 2011. He proposes a "logical corollary" to our reasoning in *State v. Martz*: that § 46-13-401(2), MCA, "applies to a charge if the charge could result only in a misdemeanor conviction, even if the State labeled the charge a felony."

¶9 The State points out that it requested the District Court to dismiss Case's felony charge promptly upon learning that Case only had one prior PFMA conviction. The State then filed a new misdemeanor PFMA charge with the Justice Court. The State argues that after the District Court dismissed the felony charge against Case, the filing of a new misdemeanor charge began Case's prosecution and started his "speedy trial clock . . . anew[.]"

¶10 Case's reliance on *Martz* is misplaced. The "somewhat bizarre circumstances" in that case (*Martz*, ¶ 37) resulted in the defendant's "fourth" PFMA charge proceeding to trial prior to trial on or conviction of his "second" and "third" PFMA offenses. *Martz*, ¶ 6. We held that the speedy trial statute could have applied because Martz was charged "with an offense that had the potential, depending on the outcome of the [second] trial," of being reduced to a misdemeanor. *Martz*, ¶ 39. That is far from the factual scenario Case presents on appeal here.

5

¶11 We agree with the State that our holding in *State v. Topp*, 2003 MT 209, 317 Mont. 59, 75 P.3d 330, instead disposes of Case's appeal. In *Topp*, the defendant was charged with two misdemeanor offenses and later pled not guilty to both of them in justice court. *Topp*, ¶ 3. The prosecution later moved to dismiss the charges "because it intended to file charges in the District Court"; the justice court granted the motion. *Topp*, ¶ 3. The State then charged Topp with a felony, as well as the two previously-dismissed misdemeanor charges, in district court. *Topp*, ¶ 4. Topp pled not guilty on all counts before the district court.

¶12 On appeal, Topp argued that his motion to dismiss the misdemeanor charges filed against him in the district court should have been granted because he had not been tried within six months of pleading not guilty to the misdemeanors in justice court, as he argued was required by § 46-13-401(2), MCA. *Topp*, ¶ 10. We rejected that argument as being "totally without merit" because the misdemeanors charged in the justice court had been dismissed. *Topp*, ¶ 10. We reasoned that, because no charges were pending against Topp after the misdemeanor charges were dismissed in the justice court and before they were re-filed in district court, "no speedy trial 'clock' was running" during that time. *Topp*, ¶ 10. We held that the filing of new charges constituted the beginning of "an entirely new matter, in essence a case *de novo*, in the District Court" and thus concluded that the district court did not err when it denied Topp's motion to dismiss for lack of a speedy trial. *Topp*, ¶¶ 20-21.

¶13 The facts of this case present the other side of the *Topp* coin—the charges against Case were dismissed by the District Court and re-filed in Justice Court—and the

6

principles underlying *Topp* are "equally applicable here." *Topp*, ¶ 20. When the District Court dismissed Case's felony PFMA charge, there were no charges pending against Case and thus, no speedy trial clock was running. *See Topp*, ¶ 10. Then, when the State filed a new misdemeanor PFMA charge against Case in the Justice Court, it marked the beginning of a new criminal proceeding and the beginning of a new "speedy trial clock" for that charge. *Topp*, ¶¶ 20-21.

¶14 The District Court correctly concluded that, under the circumstances of this case, Case's not guilty plea to the felony PFMA charge, which the court subsequently dismissed, was "irrelevant" in determining whether Case's right to a speedy trial had been violated. Pursuant to the plain language of § 46-13-401(2), MCA, the State was required to bring Case to trial within six months after he entered a plea to the misdemeanor PFMA charge. Case entered a not guilty plea to that charge on November 15, 2011. The District Court correctly concluded that Case's right to a speedy trial had not been violated when he filed his motion to dismiss less than six months after pleading not guilty to the misdemeanor PFMA charge. The court properly upheld the Justice Court's denial of Case's motion to dismiss.

¶15 Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE

7