FILED

January 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0130

DA 14-0130

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 15

CITY OF HELENA,

Plaintiff and Appellee,

v.

RUDOLPH HEPPNER,

Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clerk, Cause No. CDC-2013-135
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Dave Burleigh, Burleigh Law Firm, PLLC; Helena, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General; Helena, Montana

Jeff Hindoien, Helena City Attorney; Helena, Montana

Submitted on Briefs:  September 24, 2014
Decided:  January 20, 2015

Filed:

_____

Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Rudolph Heppner appeals from the decision of the First Judicial District Court, Lewis and Clark County, denying his appeal of the Helena Municipal Court's denial of his motion to dismiss for violation of his right to a speedy trial. We reverse and remand for further proceedings consistent with this opinion.

¶2    The issue on appeal is whether Heppner's speedy-trial rights were violated.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    On April 29, 2012, Heppner was arrested for driving under the influence (DUI). A complaint was filed April 30, 2012, in the Lewis and Clark Justice Court, charging Heppner with DUI, a misdemeanor, and concealing or tampering with evidence, a felony—the tampering charge arose from Heppner's refusal to comply with a search warrant for a blood sample. Heppner made his initial appearance in Justice Court the same day. The Justice Court ordered Heppner to the 24/7 Sobriety Program, which required Heppner to take twice-daily alcohol breath tests or wear a SCRAM (Secure Continuous Remote Alcohol Monitoring) bracelet as a condition of his release from jail pending trial. Heppner elected to wear the SCRAM bracelet rather than appear twice daily for alcohol breath tests. Heppner was required to pay the cost of monitoring, eight dollars per day.

¶4    On May 15, 2012, the State filed an information in District Court charging Heppner with DUI and tampering with evidence. On May 23, 2012, Heppner pled not guilty to the charges, and trial was set for August 27, 2012. On August 1, 2012, Heppner moved to vacate the trial date and set a change-of-plea hearing. The change-of-plea hearing was set for August 15, 2012, but was continued twice—once on Heppner's motion, and a second

2

time by stipulation of the parties. On August 30, 2012, District Judge Dorothy McCarter held in *State v. Green* that refusing to comply with a search warrant for a blood sample is not concealing or tampering with evidence. Order on Motion for a New Trial, *State v. Green* (First Jud. Dist. Ct. Aug. 30, 2012) (ADC-2011-339). In light of Judge McCarter's order, on September 26, 2012, the State moved to dismiss Heppner's felony tampering with evidence charge and to "remand" the case to the Helena Municipal Court.[1] The District Court granted the motion and Heppner's case was transferred to the Municipal Court.

¶5 On October 1, 2012, the Municipal Court arraigned Heppner, and he again pled not guilty to the DUI. Trial was set for March 7, 2013. On November 14, 2012, Heppner filed a motion to dismiss because the misdemeanor charge had not been brought to trial within six months of arraignment as required by the misdemeanor speedy-trial statute, § 46-13-401(2), MCA. Heppner's motion mentioned the right to a speedy trial under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article II, Section 24 of the Montana Constitution, but offered no meaningful analysis of those provisions. The Municipal Court denied Heppner's motion. The court held that Heppner had given up his right to a jury trial in the District Court when he moved to vacate the District Court trial for a change of plea. The Municipal Court held that when the matter was transferred to Municipal Court, Heppner "availed himself of the new opportunity [to request] a trial by jury" in the Municipal Court, and concluded that "providing rights in a new Court setting is just cause for delay."

---

[1] The State's word choice, "remand," is inaccurate. The case was in front of the District Court under the court's original jurisdiction, rather than appellate jurisdiction, and the case originated not in the Municipal Court, but in the Justice Court.

¶6     On February 13, 2013, Heppner obtained new counsel and filed a motion to continue the trial date. The motion was granted and the trial date was rescheduled for May 9, 2013. On March 20, 2013, Heppner moved for reconsideration of his motion to dismiss, this time arguing under both the statute and under the constitutional speedy-trial provisions. The Municipal Court summarily denied the motion.

¶7     On May 6, 2013, Heppner moved to vacate the trial date and set a change-of-plea hearing. The change-of-plea hearing was set for May 9, 2013. Heppner pled guilty to DUI (second), and reserved his right to appeal the denial of his speedy-trial claim.

¶8     Heppner appealed the Municipal Court's denial of his speedy-trial claim to the District Court. The District Court denied Heppner's appeal. Heppner now appeals the denial of his motion to dismiss for violation of his speedy-trial rights to this Court.

**STANDARD OF REVIEW**

¶9     On appeal from a municipal court, the district court functions as an intermediate appellate court. Sections 3-5-303, 3-6-110, MCA. In its appellate capacity, the district court is confined to review of the record and questions of law. Section 3-6-110, MCA. When reviewing the decision of the district court in such an appeal, we review the case as if the appeal had originally been filed in this Court, applying the appropriate standard of review. *City of Helena v. Broadwater*, 2014 MT 185, ¶ 8, 375 Mont. 450, 329 P.3d 589.

¶10    Whether the constitutional right to a speedy trial has been violated is a question of law, and we review a trial court's legal conclusions to determine whether the court's interpretation of law is correct. *State v. Zimmerman*, 2014 MT 173, ¶ 11, 375 Mont. 374,

328 P.3d 1132. The trial court's underlying factual findings are reviewed to determine whether those findings are clearly erroneous. *Zimmerman*, ¶ 11.

## DISCUSSION

¶11 *Whether Heppner's speedy-trial rights were violated.*

¶12 A criminal defendant has a fundamental constitutional right to a speedy trial under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article II, Section 24 of the Montana Constitution. *State v. Ariegwe*, 2007 MT 204, ¶ 20, 338 Mont. 442, 167 P.3d 815. Distinct from that constitutional right, a criminal defendant also has a statutory right to be brought to trial on a misdemeanor charge within six months of arraignment. *State v. Luke*, 2014 MT 22, ¶ 12, 373 Mont. 398, 321 P.3d 70; § 46-13-401(2), MCA.

> After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.

Section 46-13-401(2), MCA. The statute's protections are not available to a defendant when the trial was postponed upon the defendant's motion, or the State showed good cause for delaying the trial. *Luke*, ¶ 13. In such cases, only the constitutional protection applies, and the appropriate analysis is the test set forth in *Ariegwe*. *State v. Hodge*, 2014 MT 308, ¶ 14, 377 Mont. 123, 339 P.3d 8.

¶13 Heppner invokes both his statutory and his constitutional rights to a speedy trial. We note at the outset that analysis of the misdemeanor statutory speedy-trial right is conducted separately from a constitutional speedy-trial analysis and is an entirely different analysis. The parties' briefs confuse the two, applying standards from one to analysis of the other. To

5

clarify, the constitutional analysis set forth in *Ariegwe* has no application in a statutory speedy-trial claim. While a defendant may pursue claims under both the statute and *Ariegwe*, the analyses of each should be conducted separately. Therefore, we first analyze Heppner's statutory speedy-trial claim and then analyze his constitutional claim.

**Statutory Speedy-Trial Right**

¶14 The Municipal Court denied Heppner's initial speedy-trial claim on the grounds that Heppner waived his rights when he moved to vacate the trial date in the District Court and requested a change-of-plea hearing. The Municipal Court held that when Heppner's DUI charge was transferred to Municipal Court, Heppner was provided rights in a new court setting—the right to a trial—that he had ostensibly given up in the District Court by moving to vacate his District Court trial for a change of plea. The Municipal Court concluded that the reinstatement of Heppner's right to a trial in the new court setting constituted just cause for delay. The Municipal Court's conclusion that Heppner could not avail himself of the speedy-trial right under § 46-13-401(2), MCA, was correct; its reasoning, however, was incorrect.

¶15 The mere filing of a motion to vacate a trial date and set a change-of-plea hearing does not waive a defendant's right to a trial. A defendant does not waive the right to trial until he pleads guilty, and the court accepts the guilty plea. *See* § 46-12-210(1)(e), MCA (before accepting a guilty plea, the court must inform defendant there will be no trial if the court accepts a guilty plea). Thus, the Municipal Court erred when it determined there was good cause to extend the misdemeanor trial date beyond the six-month deadline because

6

Heppner's right to a trial was reinstated when the DUI charge was moved to the Municipal Court and Heppner was rearraigned.

¶16 Nevertheless, the Municipal Court was correct that Heppner's District Court motion to vacate his trial date for a change of plea made the misdemeanor speedy-trial statute inapplicable. Section 46-13-401(2), MCA, provides that misdemeanor speedy-trial protections are only available to a "defendant whose trial has not been postponed upon the defendant's motion." Heppner was arraigned on May 23, 2012, and trial was set for August 27, 2012, well within the six month time period. Prior to dismissal of the felony charge and transfer of the DUI to Municipal Court, Heppner moved to vacate the initial trial date for a change of plea. He then moved, first individually and then jointly with the State, to continue the change-of-plea hearing. Heppner's trial, therefore, was postponed upon his own motion, which removed him from the statute's protections. *Luke*, ¶ 13. Because the statute's protections were not available to Heppner after he moved to vacate the trial date, the constitutional speedy-trial right remained his only protection. *Hodge*, ¶ 14.

**Constitutional Speedy-Trial Right**

¶17 Heppner argues that he is entitled to dismissal for violation of his right to a speedy trial under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article II, Section 24 of the Montana Constitution. Constitutional speedy-trial claims are analyzed under the four-factor balancing test set forth in *Ariegwe*. The Municipal Court, however, never considered the constitutional speedy-trial claim Heppner raised in his renewed motion to dismiss for violation of the right to a speedy trial. The court made no findings of fact, nor did it consider any of the factors in the constitutional speedy-trial rights balancing test set

7

forth in *Ariegwe*. The Municipal Court summarily denied Heppner's motion without conducting any analysis.

¶18 The State argues that a constitutional analysis is never applicable to a misdemeanor charge because the statute provides stricter protections. This Court has indeed held that the constitutional analysis generally is not applicable to a misdemeanor because the misdemeanor speedy-trial statute is "more strict" than the constitutional provisions. *See State v. Case*, 2013 MT 192, ¶ 6, 371 Mont. 58, 305 P.3d 812 (quoting *State v. Ronningen*, 213 Mont. 358, 362, 691 P.2d 1348, 1350 (1984)). By its own terms, however, the statute provides no protection where the defendant has moved for a continuance or the prosecution has shown good cause. Were we to follow the State's argument, the statute would cause a defendant's constitutional right to a speedy trial to evaporate as soon as he moved for a continuance or the State showed good cause to extend the trial beyond the six-month deadline. A statute cannot abrogate a constitutional right. Where the statute's protections are not sought or not available, a defendant may still assert constitutional speedy-trial rights. *Hodge*, ¶ 14.

¶19 The minimum delay necessary to trigger a speedy-trial analysis is 200 days. *Ariegwe*, ¶ 41. The interval between accusation and disposition (either trial or guilty plea) is the relevant time period for analyzing a speedy-trial claim. *Ariegwe*, ¶ 42–43. In this case, the

accusation happened on April 29, 2012, when Heppner was arrested for DUI.[2]  The charges remained pending until May 9, 2013, when Heppner pled guilty—375 days later.  This is sufficient to trigger a constitutional speedy-trial analysis.  However, the Municipal Court did not address Heppner's constitutional speedy-trial claim and the District Court did not consider it because it concluded a constitutional challenge was not applicable to misdemeanors.  Thus, we are unable to determine whether Heppner's constitutional speedy-trial rights were violated.

> [T]he court must, of necessity, enter findings of fact and conclusions of law with respect to each of the four factors *and* how the four factors were balanced against each other. Without these findings of fact and conclusions of law, appellate review of the court's final disposition of the claim is, as a practical matter, impossible, and we will be forced to remand the case to the trial court in such situations.

*Ariegwe*, ¶ 117 (emphasis in original).

¶20  Having determined that the delay in Heppner's case was sufficient to trigger analysis under the *Ariegwe* factors, we reverse and remand to the District Court with instructions to remand to the Municipal Court for the purpose of taking evidence and making appropriate findings of fact and conclusions of law regarding Heppner's constitutional speedy-trial claim.

---

[2] On appeal, the State argues that the date the information was filed in the District Court is the appropriate starting point.  The right to a speedy trial attaches, however, as soon as someone becomes an accused, "whether that accusation be by arrest, the filing of a complaint, or by indictment or information." *Ariegwe*, ¶ 42 (quoting *State v. Larson*, 191 Mont. 257, 261, 623 P.2d 954, 958 (1981)).  Thus, Heppner's constitutional speedy-trial right attached when he was arrested on April 29, 2012, and that is the appropriate starting date for determining the length of the delay.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER