Justice Laurie McKinnon delivered the Opinion of the Court.
¶ 1 *1230 This proceeding originated in Roundup City Court. The State dismissed its City Court charges and re-filed them in the Fourteenth Judicial District Court, Musselshell County. Corey James Knippel appeals from an order of the District Court denying his motion to dismiss the proceeding in which he argued the State violated his statutory speedy trial right under § 46-13-401(2), MCA. We affirm and address the following issue:
Whether the District Court erred by denying Knippel's motion to dismiss in which he argued the State violated his statutory speedy trial right under § 46-13-401(2), MCA.
FACTUAL AND PROCEDURAL BACKGROUND
¶ 2 On November 16, 2015, A.S. used a social media platform to send a self-taken photograph and message to a family member indicating Knippel, her then-fiancé, assaulted her. The photograph depicted A.S., crying, with a swollen, black-and-blue eye; scratches and abrasions along her nose and face; a small cut on her upper lip; and a long scratch across her throat from her jugular towards her ear. The accompanying message stated, "I'm done look what he f- - -ing did to me." Concerned for A.S.'s safety, the family member and A.S.'s father reported the photograph and message to the Musselshell County Sheriff's Office and Sergeant Scott Johnson viewed it. The family member informed Sergeant Johnson that she witnessed Knippel striking A.S. twice in the face with his open hand in an earlier incident on November 9, 2015. In a later message on social media, A.S. told the family member that she had not called the police and asked the family member not to tell anyone. A.S. also provided an alternative explanation for her injuries, which she now suggested were the result of Knippel accidentally tripping her while they were intoxicated and running.
¶ 3 Sergeant Johnson interviewed A.S. at Knippel's home where she was staying. Sergeant Johnson observed that A.S.'s injuries were consistent with the photograph, although he observed that both of A.S.'s eyes were now black and blue and that additional bruising appeared on her cheek. Sergeant Johnson asked A.S. about her injuries and she explained she sustained them when Knippel tripped her while they were running. Sergeant Johnson told A.S. her injuries were inconsistent with a fall like she described, but A.S. stood by her account.
¶ 4 Sergeant Johnson also interviewed Knippel. After receiving a Miranda advisory, Knippel explained that A.S. received her injuries because she fell, but that he did not know where she fell and was not with her when it happened. After the interview, Sergeant Johnson arrested Knippel and the State charged him with misdemeanor partner or family member assault (PFMA).
¶ 5 On November 17, 2015, Knippel pleaded not guilty to PFMA in Roundup City Court. The City Court issued a no contact order prohibiting Knippel from contacting A.S. At the time, Knippel was conditionally released on an unrelated conviction. As a result of the PFMA charge, the City Court revoked Knippel's conditional release and ordered him detained in jail. On November 19, 2015, Knippel called A.S. from the jail on a recorded line. During the call, A.S. advised Knippel that he should refer to her as "Aunt Patty" in an apparent attempt to conceal their contact. A.S. also advised Knippel that, should anyone ask about her injuries, he should say that she "tripped and fell into a coffee table." As a result of this contact, the State charged Knippel with misdemeanor violation of a no contact order (VNCO) in City Court. On November 30, 2015, Knippel pleaded not guilty to VNCO.
¶ 6 The City Court initially set trial for Knippel's PFMA charge on February 9, 2016, but, on the State's motion, the court continued the trial until February 23, 2016.[1]
*1231 The State attempted to subpoena A.S. in order for her to testify against Knippel at Knippel's trial, but could not locate or serve her. On February 23, 2016, A.S. did not appear to testify and the State moved again to continue Knippel's trial. Knippel objected, but the City Court granted the State's motion and set trial for March 29, 2016. A.S.'s family notified the State that A.S. moved to Colorado, was fearful of Knippel, and did not want to testify.
¶ 7 On March 11, 2016, the District Court granted the State leave to file an information in District Court charging Knippel with three misdemeanors: (1) PFMA for the incident on November 16, 2015, leading to A.S.'s facial injuries; (2) PFMA for the incident on November 9, 2015, when the family member observed Knippel striking A.S.; and (3) misdemeanor VNCO. The first and third charges in the District Court replaced the charges pending against Knippel in the City Court and the State moved to dismiss the City Court charges. On April 4, 2016, Knippel pleaded not guilty to the three misdemeanors in the District Court and the court set trial for September 7, 2016. On April 13, 2016, A.S. contacted Sergeant Johnson and provided a recorded statement implicating Knippel on the charges.
¶ 8 On May 23, 2016, Knippel filed a motion in the District Court to dismiss the two misdemeanor charges originally filed in the City Court (PFMA for the incident on November 16, 2015, leading to A.S.'s facial injuries and VNCO), arguing that the State failed, under § 46-13-401(2), MCA, to bring him to trial on those charges within six months of his initial plea in the City Court. In response, the State argued it was necessary to re-file the charges in District Court in order for the State to depose A.S. pursuant to § 46-15-201, MCA, because A.S. was uncooperative, absent from the state, and in PFMA cases, "the evidence is almost always derived primarily from the alleged victim." Thus, the State argued good cause excused its delay. The parties agreed the District Court could resolve the motion on their briefs and without holding a hearing.
¶ 9 The District Court denied Knippel's motion, finding "both the defense's and the State's arguments misplaced." Citing State v. Topp , 2003 MT 209, 317 Mont. 59, 75 P.3d 330, the District Court held, "dismissal of the charges in city court exhausted that court's jurisdiction and the requirements of § 46-13-401 (2) were satisfied." The District Court did not address whether good cause existed pursuant to the misdemeanor speedy trial statute, § 46-13-401(2), MCA. After the District Court denied his motion to dismiss, Knippel entered into a plea agreement with the State, under which he pleaded guilty to amended charges of misdemeanor assault and VNCO and the State dismissed the PFMA charges. Knippel reserved his right to appeal the District Court's denial of his motion to dismiss. The District Court sentenced Knippel in accordance with his plea agreement to two concurrent six-month periods of commitment and gave him credit for the time he already served. Knippel appeals.
STANDARD OF REVIEW
¶ 10 Whether a misdemeanor charge must be dismissed for violating a defendant's statutory speedy trial right requires an interpretation and application of § 46-13-401(2), MCA, and presents a question of law that this Court reviews for correctness. State v. Case , 2013 MT 192, ¶ 5, 371 Mont. 58, 305 P.3d 812.
DISCUSSION
¶ 11 Knippel argues the State violated § 46-13-401(2), MCA, by failing to try him within six months of November 17 and 30, 2015, when he pleaded not guilty to PFMA and VNCO, respectively. Although Knippel raises only a statutory misdemeanor speedy trial violation, he relies on the constitutional speedy trial analysis set forth in State v. Butterfly , 2016 MT 195, 384 Mont. 287, 377 P.3d 1191, to argue that "the time [he] spent facing the First PFMA and the VNCO in city court [is] added together with the time spent facing the same charges in district court." Knippel concludes, "the six-month statutory deadline required the State to try Knippel by *1232 May 2016." According to Knippel, he did not face trial within that timeframe, never moved to postpone his trial, and the District Court was therefore obligated to dismiss the charges unless the State showed good cause for its delay.
¶ 12 Preliminarily, city courts have jurisdiction over all "ordinary" misdemeanors and concurrent jurisdiction with district courts over "high" misdemeanors. Section 3-10-303(1)(a), (c), MCA. Ordinary misdemeanors are misdemeanor offenses, described by § 3-10-303(1)(a), MCA, punishable by a fine not exceeding $500 and imprisonment not exceeding six months. High misdemeanors are offenses, described by § 3-10-303(1)(c), MCA, punishable by a fine exceeding $500 and imprisonment exceeding six months. District courts have concurrent original jurisdiction with justice and city courts over high misdemeanors and ordinary misdemeanors that are joined with a felony or high misdemeanor "arising at the same time as and out of the same transaction" as the ordinary misdemeanor. Section 3-5-302(2)(a), MCA ; accord §§ 3-5-302(1)(d), 3-10-303(1)(a), (c), 3-11-102(1), MCA ; State v. Martz , 2008 MT 382, ¶ 27, 347 Mont. 47, 196 P.3d 1239. First- and second-offense PFMAs are high misdemeanors, as defined by §§ 3-10-303(1)(c) and 45-5-206(3)(a), MCA. VNCO is an ordinary misdemeanor, as described by §§ 3-10-303(1)(a) and 45-5-209(8)(c), MCA. Assuming the originally charged first-offense PFMA and the VNCO arose "at the same time as and out of the same transaction" for purposes of § 3-5-302(2)(a), MCA, the State could have originally filed those charges in the City Court or the District Court. That issue, however, was not addressed or raised by either party and is not an issue on appeal. Knippel does not dispute the State's discretion to dismiss the original misdemeanors in the City Court in order to re-file them in the District Court.
¶ 13 Section 46-13-401(2), MCA, codifies a defendant's statutory speedy trial right for pending misdemeanor charges and provides:
After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months.
We apply § 46-13-401(2), MCA, to misdemeanor speedy trial claims, because the statute provides more enhanced protections than the constitutional speedy trial guarantee. City of Helena v. Heppner , 2015 MT 15, ¶ 18, 378 Mont. 68, 341 P.3d 640. Here, Knippel alleges only a misdemeanor statutory speedy trial violation.
¶ 14 Knippel never moved to postpone his trial; therefore, the State had six months from November 17 and 30, 2015, to either try Knippel or show good cause for its delay. Section 46-13-401(2), MCA. On May 23, 2016, Knippel moved to dismiss the District Court proceeding, asserting the State violated his statutory speedy trial right under § 46-13-401(2), MCA. In response, the State explained that it delayed Knippel's trial by moving the proceeding from the City Court to the District Court in order to invoke the provisions of § 46-15-201, MCA, and depose A.S. That statute provides, in relevant part:
In district court or municipal court cases, a deposition may be taken if it appears that a prospective witness:
(a) is likely to either be unable to attend or otherwise prevented from attending a trial or hearing;
(b) is likely to be absent from the state at the time of the trial or hearing; or
(c) is unwilling to provide relevant information to a requesting party and the witness's testimony is material and necessary in order to prevent a failure of justice.
Section 46-15-201(1), MCA. Section 46-15-201(1), MCA, by its terms, is not available in city court proceedings. Knippel did not contest the validity of the State's explanation for dismissing the charges in the City Court and re-filing them in the District Court, which was to invoke the provisions of § 46-15-201(1), MCA. Knippel informed the District Court that there was no need for an evidentiary hearing and that his motion to dismiss could be decided on the parties' briefs.
¶ 15 Relying on Topp , the District Court did not address whether good cause excused the State's failure to try Knippel within six *1233 months because it concluded the State's dismissal of the City Court proceeding "exhausted that court's jurisdiction and the requirements of § 46-13-401 (2) were satisfied." Effectively, the District Court concluded that a new speedy trial clock started on April 4, 2016, when Knippel entered his pleas in the District Court. In Topp , the State charged Topp with two misdemeanors in the justice court and Topp pleaded not guilty. Topp , ¶ 3. The State later dismissed the justice court proceeding and filed a felony charge and re-filed the misdemeanor charges in the district court. Topp , ¶ 4. Topp moved to dismiss the misdemeanor charges pursuant to § 46-13-401(2), MCA, for failing to try him for the offenses in the district court within six months of his justice court plea. Topp , ¶ 5. Topp did not dispute the propriety of joining the misdemeanors with the felony in the district court and "advance[d] no authority under which ... a [good cause] determination would be legally incorrect." Topp , ¶¶ 14-15. As a result, this Court did "not address that [good cause determination] further." Topp , ¶ 15. Our decision in Topp was not based on whether the State demonstrated good cause as described in § 46-13-401(2), MCA.
¶ 16 Here, we address, as the parties urged the District Court, whether the State demonstrated good cause for its delay pursuant to § 46-13-401(2), MCA. Although Knippel claimed the State violated § 46-13-401(2), MCA, the District Court did not make a good cause determination. However, we may uphold a judgment on a basis supported by the record, even if the district court applied a different rationale. Rooney v. City of Cut Bank , 2012 MT 149, ¶ 25, 365 Mont. 375, 286 P.3d 241. The parties submitted a good cause argument in their briefs and did not want an evidentiary hearing. Accordingly, we consider the parties' arguments to determine whether the State provided good cause for delaying Knippel's trial beyond the six-month statutory timeframe and whether the District Court correctly applied § 46-13-401(2), MCA.
¶ 17 The victim and material witness to the State's case was Knippel's former-fiancé, A.S. She sustained injuries on several occasions, including multiple bruises and abrasions on her face and eyes. She gave inconsistent accounts of the underlying facts and did not want to testify. The City Court issued a no contact order prohibiting Knippel from contacting A.S. The State attempted to subpoena A.S., but could not locate or serve her. A.S failed to appear for trial and subsequently relocated to Colorado. In order to obtain testimony from A.S., a resistant and material witness in the State's case against Knippel, the State sought to depose her pursuant to the provisions of § 46-15-201(1), MCA. Section 46-15-201(1), MCA, by its terms is not available to proceedings in city courts. Knippel does not dispute the State's reasons for the delay.
¶ 18 Based on the foregoing, we conclude the State demonstrated good cause for delaying Knippel's trial beyond the six-month statutory timeframe. Any further analysis is unnecessary to affirm the District Court's ruling.
CONCLUSION
¶ 19 Knippel asserts the State violated § 46-13-401(2), MCA, which provides that, "unless good cause to the contrary is shown," a defendant shall be brought to trial within six months after the entry of a plea upon a misdemeanor charge. We therefore limit our inquiry to whether good cause excused the State's delay in bringing Knippel to trial and conclude that the State demonstrated good cause excusing its delay in trying Knippel beyond the six-month statutory timeframe.
¶ 20 Affirmed.
We concur:
MIKE McGRATH, C.J.
JAMES JEREMIAH SHEA, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.
INGRID GUSTAFSON, J.
JIM RICE, J.

The Roundup City Court is not a court of record and therefore no transcripts are available. As the parties acknowledge, the record provides only minimal information about the City Court proceeding and we rely in part on counsel's representations regarding the procedural history.