ORIGINAL

FILED

08/30/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0144

## IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0144

STATE OF MONTANA,

Plaintiff and Appellee,

v.

ROBERT L. WITHEROW,

Defendant and Appellant.

FILED

AUG 3 0 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

REMAND
ORDER

Robert L. Witherow was convicted of one count of Driving Under the Influence after a trial in Mineral County Justice Court, and thereafter appealed to the District Court for a trial de novo. Witherow moved to dismiss the charge for violation of his right to speedy trial, which the District Court denied without a written order. Thus, the court did not enter any explicit findings or provide a discussion of the factors to be weighed in a speedy trial analysis. *See State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815. The parties then negotiated a plea agreement, and Witherow entered a guilty plea. On appeal, he challenges the District Court's denial of his speedy trial motion.

Witherow argues that, "[t]o the extent the [District Court's] reasons are even known without a written order, the denial is clearly erroneous as it is not supported by substantial credible evidence in the record and clearly a mistake has been made." The State argues the case should be remanded for entry of findings of fact, conclusions of law, and the *Ariegwe* balancing analysis, offering that "[t]he district court's offhand remark in a status hearing that the delay was 'probably' institutional delay cannot substitute for precise attributions and analysis of culpability of delay. Without the district court doing so, this Court cannot scrutinize whether its decision is correct. . . . Appellate review is impossible."

Review of the District Court's ruling on Witherow's motion to dismiss will necessarily require an assessment of the reasons and responsibility for the delay, including

factual findings and the court's balancing of the *Ariegwe* factors. This Court cannot undertake consideration of the ruling on the motion without having the benefit of the court's rationale. Therefore, we remand this matter to the District Court for the purpose of "making appropriate findings of fact and conclusions of law regarding [Witherow's] constitutional speedy-trial claim." *City of Helena v. Heppner*, 2015 MT 15, ¶ 20, 378 Mont. 68, 341 P.3d 640; *see also* Remand Order, *State v. Bertelsen*, DA 17-0555, April 16, 2019. The District Court may employ such further proceedings or filings from the parties as it deems necessary, in its discretion, to enter its order.

Upon entry of the District Court's order, and return of the record to this Court, Witherow will have 30 days to file a supplemental appellant's brief, and appellate briefing will continue thereafter in accordance with the Rules of Appellate Procedure.

IT IS SO ORDERED.

The Clerk of this Court is directed to mail copies hereof to counsel of record for the parties, and to the District Court. The Clerk will return the record to the District Court for use upon remand.

DATED this 30 day of August, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

2