FILED

06/06/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0578

DA 22-0578

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 106N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

THOMAS MYRON GREGORY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DC-2021-13
Honorable Heather Perry, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          James F. Gardner, Big Sky Justice, P.C., Great Falls, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Bjorn Boyer, Assistant
Attorney General, Helena, Montana

          Kent Sipe, Fergus County Attorney, Diane Cochran, Deputy County
Attorney, Lewistown, Montana

Submitted on Briefs:  May 17, 2023

Decided:  June 6, 2023

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Thomas Myron Gregory (Gregory) appeals the denial of his Motion to Dismiss entered in the Tenth Judicial District Court, Fergus County. Gregory maintains his statutory right to a speedy trial was violated.

¶3 On October 11, 2020, at 3:37 a.m., Deputy Glen Sweet observed Gregory in his truck while it was idling in the northbound driving lane. Deputy Sweet approached and found Gregory asleep at the wheel. Gregory exhibited several signs of intoxication: his speech was slurred; he had red and glossy eyes, and he was confused. He admitted to drinking alcohol. Gregory performed poorly on several standardized field sobriety tests and was placed under arrest for driving under the influence of alcohol (DUI).

¶4 Deputy Sweet transported Gregory to the detention center and read Gregory the Montana Implied Consent advisory. Gregory provided a blood sample, which the Montana State Crime Lab subsequently reported yielded a blood alcohol concentration (BAC) of 0.231. The State charged Gregory with DUI, first offense, in violation of § 61-8-401(1)(a), MCA. On October 13, 2020, Gregory appeared in Justice Court for his arraignment and pled not guilty.

2

¶5    The Justice Court set a pretrial conference for November 19, 2020. The day before the pretrial conference, Gregory's counsel moved to continue it because of a contested civil hearing for the same day in another matter. The Justice Court reset the pretrial conference to December 17, 2020. Again, the day before the rescheduled pretrial conference, Gregory's counsel requested a continuance due to a different hearing that was scheduled for the same time. The Justice Court continued the hearing to January 21, 2021. On January 21, 2021, the Justice Court set Gregory's jury trial for April 8, 2021, which was five days before the six-month statutory speedy trial deadline.

¶6    On February 23, 2021, the State filed an Information in District Court charging Gregory with Aggravated DUI, in violation of § 61-8-465, MCA, because Gregory's BAC exceeded 0.16 grams per milliliters at the time of his offense. On February 24, 2021, the State moved to dismiss the original DUI complaint in Justice Court. The Justice Court dismissed the complaint without prejudice on March 1, 2021.

¶7    The District Court set Gregory's initial appearance for March 9, 2021. However, Gregory's initial appearance was continued to March 16, 2021, due again to a conflict Gregory's counsel had with another case. On March 16, 2021, Gregory appeared and entered a not guilty plea. Gregory filed a Motion to Dismiss for violation of his statutory right to a speedy trial on August 5, 2021, one week before his scheduled trial date of August 11, 2021. The District Court vacated the trial for briefing and a hearing on Gregory's Motion.

3

¶8 The District Court initially set a hearing for October 14, 2021, but the hearing was continued, upon Gregory's request, to November 12, 2021. On November 12, 2021, both parties appeared and the court conducted a hearing. The District Court denied the Motion to Dismiss on January 27, 2022, and trial was reset for September 21, 2022. Prior to trial, Gregory pled guilty to an amended charge of Operation of Noncommercial Vehicle by Person with Alcohol Concentration of 0.08 or More, first offense, in violation of § 61-8-405, MCA, reserving his right to appeal the denial of his Motion to Dismiss.

¶9 On appeal, Gregory does not raise a constitutional speedy trial violation. Instead, he asserts his six-month statutory right to a speedy trial, which is provided for in § 46-13-401, MCA, was violated because more than six months—exactly 304 days—had passed since his arraignment in Justice Court and entry of his guilty plea in District Court.

¶10 Whether the statutory right to a speedy trial has been violated is a question of law. *City of Red Lodge v. Pepper*, 2016 MT 317, ¶ 12, 385 Mont. 465, 385 P.3d 547 (citations omitted). We review the trial court's legal conclusions to determine whether the court's interpretation of law is correct. *Pepper*, ¶ 12. We review a district court's denial of a motion to dismiss for lack of a speedy trial "to determine whether the district court's findings of fact were clearly erroneous." *State v. Case*, 2013 MT 192, ¶ 5, 371 Mont. 58, 305 P.3d 812 (quoting *State v. Steigelman*, 2013 MT 153, ¶ 10, 370 Mont. 352, 302 P.3d 396).

¶11 The Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 24, of the Montana Constitution, , guarantee all criminal defendants a

4

"fundamental constitutional right to a speedy trial." *City of Helena v. Heppner*, 2015 MT 15, ¶ 12, 378 Mont. 68, 341 P.3d 640. This constitutional right is distinct from a statutory right to a speedy trial. *Heppner*, ¶ 12. Section 46-13-401(2), MCA, provides a speedy trial right for misdemeanor defendants that is both clearer and stricter than the general speedy trial right that all defendants enjoy under both the United States and Montana Constitutions. *Heppner*, ¶ 18.

¶12 The plain language of § 46-13-401(2), MCA, requires the State to bring the defendant to trial within six months of arraignment on a misdemeanor charge. *Case*, ¶ 14. Section 46-13-401, MCA, requires a prosecution to be dismissed if a defendant facing a misdemeanor charge is not tried within six months of entry of a plea, provided the trial was not "postponed upon the defendant's motion" and the court does not find other "good cause" for the delay.

¶13 We have previously held that "the re-filing of charges between justice court and district court restarts the speedy trial clock." *State v. Butterfly*, 2016 MT 195, ¶ 24, 384 Mont. 287, 377 P.3d 1191 (citing *State v. Topp*, 2003 MT 209, ¶ 10, 317 Mont. 59, 75 P.3d 330). In *Topp*, the State initially charged the defendant in justice court with two misdemeanor counts of DUI and driving without insurance. *Topp*, ¶ 3. The defendant appeared in justice court and pled not guilty. *Topp*, ¶ 3. The State dismissed the justice court case and refiled in district court, adding a felony count of criminal endangerment to the misdemeanor offenses. *Topp*, ¶ 4. The district court set trial approximately seven months after the defendant's arraignment in justice court. *Topp*, ¶ 5. The defendant filed a

5

motion to dismiss, arguing his statutory right to a six-month speedy trial had been violated. *Topp*, ¶ 10. We held the speedy trial clock was no longer running after the case had been dismissed with prejudice from justice court. *Topp*, ¶ 10. We explained that once the justice court dismissed the charges, it had "exhaust[ed] its jurisdiction." *Topp*, ¶ 20. Consequently, the district court filings involved "an entirely new matter, in essence a case de novo, in the district court." *Topp*, ¶ 20.

¶14 Gregory attempts to distinguish *Topp* by contending the State in his case waited too long to dismiss the Justice Court charges. He also contends his case is distinguishable from *Topp* because the Aggravated DUI charge in District Court was not joined with a felony. Our decision in *Topp* is not distinguishable. While the State's dismissal in *Topp* occurred earlier than here, the timing of the State's motion to dismiss in *Topp* was not significant to our holding. Additionally, it is irrelevant whether Gregory's misdemeanor charge was joined with a felony because the District Court had jurisdiction over the amended charge. *See State v. Knippel*, 2018 MT 144, ¶ 12, 391 Mont. 495, 419 P.3d 1229 (holding a district court and justice court can have concurrent jurisdiction to adjudicate a case).

¶15 Here, *Topp* is controlling. As in *Topp*, the Justice Court exhausted its jurisdiction when the State dismissed Gregory's initial DUI charge without prejudice 44 days prior to the expiration of Gregory's statutory six-month speedy trial right. Jurisdiction in the Justice Court was exhausted and a new six-month speedy trial clock began at Gregory's arraignment in the District Court on March 16, 2021. The District Court set the initial trial

for the Aggravated DUI charge on August 11, 2021, which was within six months of Gregory's arraignment.

¶16 Gregory suggests the State had a nefarious motive to dismiss the Justice Court case, claiming "[t]he State's goal was to reset the speedy trial clock and that could only be accomplished by moving the case to district court." However, the only indication in the record of any reason reflecting the State's motive was that the Covid-19 pandemic restrictions were delaying trials in the courts.

¶17 Lastly, the District Court's postponements were a result of Gregory's requests and due to Gregory's filing of his Motion to Dismiss on the eve of trial. Gregory himself caused the delay by his request to continue and his filing a Motion to Dismiss. The District Court did not violate his statutory right to a speedy trial when it rescheduled the trial date outside the six-month time frame. *See State v. Fitzgerald*, 283 Mont 162, 166-67, 940 P.2d 109, 111 (1997) (explaining motions filed by a defendant which have "the incidental effect of delaying the trial beyond the six month time limit could be said to 'postpone trial' for purposes of § 46-13-401(2), MCA," and courts "cannot be expected to alter [their] schedule[s] to ensure the misdemeanor charge is tried within six months").

¶18 Based on this record, the District Court correctly denied Gregory's Motion to Dismiss.

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents

no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶20     Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE